IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WILLIAM BOYD,                    :
                                 :
        Plaintiff,               :
                                 :
    v.                           :   Civil Action No. 07-578-JJF
                                 :
HARRY MORRIS,                    :
                                 :
        Defendant.               :

William Boyd, Pro se Plaintiff, Newark, Delaware.

**MEMORANDUM OPINION**

December 10, 2007
Wilmington, Delaware

**Farnan, District Judge**

Plaintiff William Boyd filed this action on September 24, 2007. He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 6.) For the reasons discussed below, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

I. **BACKGROUND**

Plaintiff alleges Defendant "was involved" with using Plaintiff's name to sell a company in Plaintiff's name, all without Plaintiff's permission or knowledge. Plaintiff alleges Defendant represented the company in Plaintiff's name in various situations. Plaintiff alleges that Defendant was on probation during the time he represented the company. Plaintiff alleges that Defendant and John Boyd, a non-party, were heavily involved together with embezzlement, identity theft, bank fraud, extortion, and theft. The civil cover sheet refers to the following statutes: "12 U.S.C.[1], 18 U.S.C.[2], 18 U.S.C. 2315, 18 U.S.C. 1915, 18 U.S.C. 642-654, 15 U.S.C.[3]" Plaintiff seeks recovery of any pay or other assets Defendant received as well as

---

[1] Plaintiff did not provide the entire statute citation.

[2] Plaintiff did not provide the entire statute citation.

[3] Plaintiff did not provide the entire statute citation.

2

$250,000.

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  Section 1915(e)(2)(B) provides that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial."  Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).

In performing the Court's screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002).  A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to

3

relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id</u>. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." <u>Id</u>. (citations omitted). Because Plaintiff proceeds <u>pro se</u>, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. <u>Erickson v. Pardus</u>, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. ANALYSIS

The Complaint does not indicate under which statutes the action is brought. Plaintiff, however, makes reference to certain statutes in his civil cover sheet and it appears that he seeks civil relief under various criminal statutes in an attempt to raise a federal question to vest this Court with jurisdiction

inasmuch as the parties are not diverse.[4] The statutes refer to embezzlement, theft, misuse of public funds, racketeering, and stolen property as follows:  18 U.S.C. § 642[5], 18 U.S.C. § 643[6], 18 U.S.C. § 644[7], 18 U.S.C. § 645[8], 18 U.S.C. § 646[9], 18 U.S.C. § 647[10], 18 U.S.C. § 648[11], 18 U.S.C. § 649[12], 18 U.S.C. § 650[13], 18

---

[4]The Complaint states that both Plaintiff and Defendant reside in Delaware.

[5]Chapter 31-Embezzlement and Theft, Section 642 - Tools and materials for counterfeiting purposes.

[6]Chapter 31-Embezzlement and Theft, Section 643 - Accounting generally for public money.

[7]Chapter 31-Embezzlement and Theft, Section 644 - Banker receiving unauthorized deposit of public money.

[8]Chapter 31- Embezzlement and Theft, Section 645 - Court officers generally.

[9]Chapter 31- Embezzlement and Theft, Section 646 - Court officers depositing registry moneys.

[10]Chapter 31- Embezzlement and Theft, Section 647 - Receiving loan from court officer.

[11]Chapter 31- Embezzlement and Theft, Section 648 - Custodians, generally, misusing public funds.

[12]Chapter 31- Embezzlement and Theft, Section 649 - Custodians failing to deposit moneys; persons affected.

[13]Chapter 31- Embezzlement and Theft, Section 650 - Depositaries failing to safeguard deposits.

U.S.C. § 651[14], 18 U.S.C. § 652[15], 18 U.S.C. § 653[16], 18 U.S.C. § 654[17], 18 U.S.C. § 1951[18], and 18 U.S.C. § 2315[19].[20] Plaintiff's civil claims under these criminal statutes fail.

A private individual may bring suit under a federal statute only when Congress specifically intended to create a private right of action. Hill v. Didio, 191 Fed. Appx. 13, (2d Cir. 2006) (citations omitted). The sections under Title 18 wherein Plaintiff seeks relief are criminal statutes and they do not provide, explicitly or implicitly, private civil causes of action. See Hill v. Didio, 191 Fed. Appx. 13, 14 (2d Cir. 2006)(nothing in the language or structure of 18 U.S.C. § 645 suggests that Congress intended to create a private right of action); Fisher v. Conseco Fin. Co., Inc., No. 3:07cv266/RV/MD,

---

[14]Chapter 31- Embezzlement and Theft, Section 651 - Disbursing officer falsely certifying full payment.

[15]Chapter 31- Embezzlement and Theft, Section 652 - Disbursing officer paying lesser in lieu of lawful amount.

[16]Chapter 31- Embezzlement and Theft, Section 653 - Disbursing officer misusing public funds.

[17]Chapter 31- Embezzlement and Theft, Section 654 - Officer or employee of United States converting property of another.

[18]Chapter 95-Racketeering, Section 1951 - Interference with commerce by threats or violence.

[19]Chapter 113-Stolen Property, Section 2315 - Sale or receipt of stolen goods, securities, moneys, or fraudulent State tax stamps.

[20]As discussed above, the civil cover sheet refers to 12 U.S.C., 15 U.S.C., and 18 U.S.C. but does not provide a section under the statutes.

2007 WL 3012881, at *3 (N.D. Fla. Oct. 12, 2007) (there is no private civil right of action under 18 U.S.C. § 642); <u>Waris v. Frick</u>, Civil Action No. 06-5189, 2007 WL 954108, at *5 (E.D. Pa. Mar. 28, 2007) (string citation of cases for the proposition that there is no express or implied private right of action under 18 U.S.C. § 1951); <u>Piorkowski v. Parziale</u>, No. 3:02CV00963, 2003 WL 21037353, at *8 (D. Conn. May 7, 2003) (no private cause of action under 18 U.S.C. § 2315); <u>Waldron v. Pierre</u>, 995 F. Supp. 935 (N.D. Ill. 1998)(there is no express or implied private cause of action in 18 U.S.C. § 654). Further, many of the criminal statutes concern actions taken by public officers and are clearly inapplicable to the claims as alleged by Plaintiff. While Plaintiff's allegations suggest that he may have claims which he may bring in Delaware Courts under state law, they do not state claims under federal law. Accordingly, to the extent Plaintiff seeks to assert claims under any of the foregoing statutes, they will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV. CONCLUSION

Based upon the foregoing analysis, the Complaint will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the Complaint would be futile. <u>See</u> <u>Alston v. Parker</u>, 363 F.3d 229 (3d Cir. 2004) <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 111

(3d Cir. 2002); <u>Borelli v. City of Reading</u>, 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate Order will be entered.